IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E D
OCT 2 4 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| FRANK HUANG, | ) ) |
| Defendant. | ) |

Case No.: 1:13CV1323 CMH/TCB

## PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S ORIGINAL COMPLAINT

Plaintiff, American General Life Insurance Company, by and through its attorneys, files this Original Complaint against Frank Huang, as follows:

### NATURE OF CASE

1. This is a declaratory judgment action brought against Frank Huang ("Huang") seeking a declaration that the policy of life insurance bearing the number YME1242887 (the "Policy") is null, void, and rescinded *ab initio* due to the fraudulent and/or material misrepresentations, omissions, concealment, or statements made on a life insurance application. This action, seeking rescission of the above described life insurance policy, is brought pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201.

### PARTIES

2. American General Life Insurance Company ("American General") is a Texas insurance company authorized to transact the business of insurance in Tennessee. American General is organized under the laws of Texas and its principal place of business is located in Houston, Texas. As such, American General is a citizen of the state of Texas within the meaning and intent of 28 U.S.C. § 1332.

439620.1

3. Upon information and belief, Huang resides at 9955 Cyrandall Drive, Oakton, Fairfax County, Virginia, 22124-2950. As such, Huang is a citizen of the state of Virginia within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest, and costs.

5. American General is a corporation organized under the laws of Texas and has its principal place of business in Texas. As such, for diversity purposes, American General is a citizen of the state of Texas.

6. Upon information and belief, Huang is a resident of Virginia. As such, for diversity purposes, Huang is a citizen of the Commonwealth of Virginia and is subject to the jurisdiction of this Court.

7. As American General, on the one hand, and Huang, on the other hand, are situated in and citizens of different states, a diversity of citizenship exists. Additionally, as set forth more fully below, this case involves an adjudication of the rights and obligations under an insurance policy with a face amount in excess of $75,000. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

8. This Court also has jurisdiction over this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

9. Venue is proper for this action pursuant to 28 U.S.C. § 1391 because Huang resides in Fairfax County, Virginia, and the insurance policy at issue is governed by Virginia law. In addition, all or a portion of the events giving rise to the cause asserted herein occurred in the state of Virginia, specifically in the Eastern District of Virginia.

## FACTUAL BACKGROUND

10. American General is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the state of Virginia.

11. On or about September 25, 2011 Huang applied in writing (the "Application") to American General seeking the issuance of an insurance policy insuring his life. The Application contains parts A and B.

12. In completing the Application, Huang responded to a series of questions seeking material information regarding, among other things, Huddleston's health and medical history. In completing the Application, Huang knew that he was required to provide complete, accurate, and honest answers to the questions presented on the Application. Huang also knew that American General would rely upon the answers recorded on the Application in determining whether Huang was insurable and qualified for the insurance sought through the Application.

13. On the Application, Huang responded to clear, direct questions seeking material information regarding his history of treatment, consultations, and diagnosis of medical illnesses or diseases. The answers provided to certain of these questions were false and/or materially incomplete and were material to American General's acceptance of the risk assumed.[1]

14. Part B, the medical portion of the Application, contained the following affirmation:

> I, the Proposed Insured signing below, agree that I have read the statements contained in this application and any attachments or they have been read to me. They are true and complete to the best of my knowledge and belief. I understand that this application: (1) will consist of Part A, Part B, and if applicable, related attachments including supplement(s) and addendum(s); and (2) shall be the

---

[1] Pursuant to federal privacy laws and the Federal Rules of Civil Procedure, American General is not in a position to further elaborate on the exact nature of the material misrepresentations made to American General by Huang. If required at some later time, American General will file relevant materials under seal with the Court.

Case 1:13-cv-01323-CMH-TCB Document 1 Filed 10/24/13 Page 4 of 6 PageID# 4

basis for any policy and any rider(s) issued. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period.

Huang executed Part B of the Application on October 15, 2011.

15. On the basis of the statements and representations contained on the Application and in reliance upon Huang's complete candor, honesty, and openness in disclosing information in response to the questions presented on the Application, American General issued policy number YME1242887 on or about October 27, 2011. The Policy's death benefit is $700,000.00. Huang is the insured and owner of the Policy.

16. Huang made material misrepresentations and/or fraudulent statements of fact, failed to disclose and/or concealed material facts, and/or otherwise failed to accurately, honestly, and/or truthfully answer and disclose material information in response to the questions presented on the Application regarding his health and medical history with actual intent to deceive. American General relied on these representations in assessing the risk and/or hazard to be assumed and did not know that these representations were false. Had Huang provided accurate responses on the Application, American General would not have issued the Policy or would have done so on materially different terms.

17. American General brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

## COUNT I

## DECLARATORY JUDGMENT

18. American General incorporates herein each of its allegations contained in paragraphs 1–17 above.

19. Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, American General seeks a declaratory judgment that the Policy is null, void, and rescinded *ab initio* due to the fraudulent, willfully false, and/or material misrepresentations and omissions that Huang made on the Application.

4

439620.1

20. These misrepresentations, omissions, concealment of facts, and incorrect statements on the Application were: (1) made with actual intent to deceive; or (2) material either to the acceptance of the risk or to the hazard assumed by American General such that American General in good faith would not have issued the Policy, would not have issued it at the same premium rate, or would not have issued the Policy in as large an amount, if the true facts had been made known to American General as required.

21. Prior to commencing this declaratory judgment action, American General provided Huang with a copy of the writing containing the material misrepresentations upon which this action is based. American General also tendered a check to Huang representing a full refund of the premiums paid for the Policy. On or about August 15, 2013, Huang negotiated the premium refund check and has been fully refunded all premiums paid for the Policy.

## COUNT II

## RESCISSION

22. American General incorporates herein each of its allegations contained in paragraphs 1–21 above.

23. Huang made intentional, material misrepresentations in the Application regarding his health and medical history.

24. The misrepresentations were material to American General's acceptance of the risk. American General in good faith either would not have issued the Policy, or would not have issued it at the same premium rate, or would not have issued the Policy in as large an amount, if the true facts had been made known to American General as required.

25. As a result of Huang's material misrepresentations in the Application, the Policy is null and void and of no force and effect.

26. American General tendered a check to Huang representing a full refund of the premiums paid for the Policy. On or about August 15, 2013, Huang negotiated the premium refund check and has been fully refunded all premiums paid for the Policy.

27. American General has satisfied all conditions precedent to bringing this claim, or such conditions are waived.

28. Accordingly, American General is entitled to rescission of the Policy pursuant to all of the terms and conditions of the Policy.

WHEREFORE, due to the above-referenced fraudulent, willfully false, and/or material misrepresentations and lack of conditions precedent, American General Life Insurance Company demands judgment against Defendant Huang as follows:

(a) an order declaring and adjudging the Policy of life insurance bearing Policy Number YME1242887 to be null and void and rescinded *ab initio*;

(b) an order declaring that no insurance was ever in effect under Policy Number YME1242887;

(c) an order awarding American General its costs of suit; and

(d) an order awarding such other relief as the Court deems equitable and just to American General.

Dated: October 23, 2013

Respectfully Submitted,

AMERICAN GENERAL LIFE
INSURANCE COMPANY

By Counsel:

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

Walter A. Williams, Esq., VSB No. 39037
Wilson Elser Moskowitz Edelman & Dicker LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102-5102
walter.williams@wilsonelser.com
(703) 245-9300 (Main)
(703) 245-9301 (Fax)
*Counsel for Plaintiff American General Life Insurance Company*

439620.1